[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT
Judgment of strict foreclosure entered against the defendants, Betty G. Rangoon and Richard R. Rangoon, on October 19, 1992. The court set law days commencing on November 30, 1992. None of the defendants redeemed on their law day and the title to the property vested in the plaintiff on December 4, 1992. The mortgaged property consists of a 7,061 square foot house located on a CT Page 4708 3.66 acre parcel of land located at 15 Brookside Place in West Hartford, Connecticut. Included within the land on which the residence is located are three approved building lots, each of which has an area of 15,000 square feet or slightly larger. The dwelling on the mortgaged property is a custom built house with vaulted ceilings, a wet bar, indirect lighting, an alarm system, marble vanity tops, and a 1,000-square foot indoor swimming pool. It has a sunken Roman bathtub with a whirlpool adjacent to the master bedroom. It also has a detached 242 square foot guest house.
Plaintiff presented the report and testimony of an appraiser, Alan Budkofsky, who stated that the fair market value of the mortgaged property as of December 4, 1992 was $850,000. The defendant presented the appraisal and testimony of an appraiser, Frank A. Jacobs, Jr., who stated that the fair market value of the mortgaged property as of December 4, 1992 was $1,387,000. Both appraisers relied primarily or exclusively on the comparable sales approach to estimating fair market value. The major factor in the differential between the fair market value found by each appraiser was the value of the land of the subject premises. The mortgaged property contains 3.66 acres of land with approximately one acre of that land constituting three approved building lots. Three of the four comparable sales properties used by Mr. Budkofsky in his valuation contain less than one acre of land. None of the comparable sales properties relied upon by him contained any additional approved building lots. Mr. Budkofsky testified that he had not done an independent analysis of the value of building lots in the Town of West Hartford. He did concede that building lots were somewhat of a rarity in that town. Mr. Budkofsky assigned a value of $200,000 to the three building lots located on the mortgaged property. He conceded that when the building lots on the mortgaged property were subtracted from the land of that property, there still remained land of approximately 2.66 acres. When comparing that land value with the land value of the three comparable sales properties, he did not assign any additional value to the additional land contained in the mortgaged property.
Mr. Jacobs stated that building lots in the Town of West Hartford were very scarce. He estimated the value of the three lots on the mortgaged property to be $125,000 per CT Page 4709 lot for a total of $375,000. In addition, in comparing the remaining land value of the mortgaged property with the land values of three comparable sales properties, he opined that the additional land of the mortgaged property had a value of $.23 per square foot and adjusted accordingly in estimating the value of the mortgaged property. The court finds that Mr. Budkofsky did not assign enough value to the land of mortgaged property and Mr. Jacobs assigned too much value to that land. Nevertheless, the court finds that the opinion of fair market value expressed by Mr. Jacobs was based on sounder assumptions than was the opinion of Mr. Budkofsky. Based on all the evidence, the court finds that the fair market value of the mortgaged property as of December 4, 1992 was $1,287,000. The total debt claimed by the plaintiff on the deficiency judgment, including an additional attorney's fees of $3,000, which the court hereby awards, and an appraiser's fee of $250, which the court also awards, is $1,278,762. The fair market value of the subject property on the date of title vesting was higher than that amount and, therefore, the court does not award a deficiency judgment to the plaintiff.
BY THE COURT:
Aurigemma, J.